## CAROL ALLERDYCE v. KENNETH T. MARTIN.
## JAMES ALLERDYCE v. SAME.[1]

May 23, 1941.

Nos. 32,949, 32,950.

*Gillette & Meagher,* for appellant.
*Eugene A. Rerat* and *Walter J. Welch,* for respondents.

STONE, JUSTICE.

Two cases, one by a minor to recover damages for injuries suffered when she failed to escape impact with an automobile driven by defendant. The other is by her father to recover his special damages resulting from the same accident. We write as though there were but one case, that of the minor plaintiff. Defendant appeals from the judgments.

After having driven about 75 feet southerly from his own garage along a Minneapolis alley, in a closely built residential section, defendant ran into plaintiff Carol Allerdyce, then only six years old. His car was stopped instantly, thereby indicating that he was driving very slowly and with a good deal of attention to the operation. The alley is closely and much flanked by garages. De-

[1]Reported in 298 N. W. 363.

fendant testified that plaintiff ran from behind one of them and into his car in.such fashion that he simply could not avoid the accident. If that testimony stood unopposed, we assume that the motion for directed verdict might have been granted.

The difficulty from defendant's standpoint is that plaintiff, her brother who saw the accident, and other witnesses tell a somewhat different story.

Plaintiff had come through the yard of an apartment building. Immediately north of the multiple garage appurtenant to that building and from the side of which plaintiff emerged into or towards the alley, there is a concrete delivery driveway running from the alley to the apartment building. Unlike the others on the alley, this multiple garage is set back some distance from the westerly alley line. In front of its doors is a concrete apron not less than two feet in width. That is also set back from the alley line a distance of about three feet. Standing some 25 feet north and a bit closer to the alley is another smaller garage.

The testimony for plaintiff is that she had not reached the alley-proper when she was struck by the "middle of the front" of defendant's car. She admits that she was running, but is positive that she had not reached the alley which she knew she was approaching. She asserted categorically that she was about to look before entering the alley driveway but was struck at that moment. There was testimony that defendant's car stopped so that its right side, or its right front wheel at least, was well off the alley to defendant's right. The point at which plaintiff's witnesses say the car stopped is some distance southerly from the place at which defendant says he brought the car to a sudden halt.

In that state of the record, we cannot say that the case was one for a directed verdict for defendant. On the testimony for plaintiff, he had got off the alley and to a location where pedestrians could not be considered as matter of law guilty of lack of care if they considered themselves safe from being run down. A jury is not to be criticized if it considers the hazards of alley driving in a closely built residential section such as to require a

high degree of care on the part of motorists, that is, such conduct as will exhibit a degree of care properly proportioned to the hazard. Similarly, it cannot be held, as matter of law, that plaintiff was negligent.

Judgments affirmed.